## NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

## MICHIGAN DRYWALL CORPORATION, M & D Drywall, Inc., and James F. Mullins, Respondent.

### No. 77–1714.

United States Court of Appeals, Sixth Circuit.

Argued Feb. 11, 1980.

Decided March 11, 1980.

Elliott Moore, Marjorie Gofreed, Deputy Associate Gen. Counsel, N. L. R. B., Washington, D. C., Linda J. Dreeben, San Francisco, Cal., Bernard Gottfried, Director, Region 7, N. L. R. B., Detroit, Mich., for petitioner.

Burton H. Schwartz, Southfield, Mich., for respondent.

Before KEITH, MERRITT and MARTIN, Circuit Judges.

## ORDER

This appeal is before the Court upon application of the National Labor Relations Board (NLRB) for enforcement of its order which held against the respondents, Michigan Drywall Corporation, M & D Drywall, Inc., and James F. Mullins reported at 232 NLRB 26. The Board held that respondents had violated Section 8(a)(1) and (5) of the National Labor Relations Act (Act), 29 U.S.C. § 151, et seq., by engaging in unfair labor practices as follows: (1) by their refusal to furnish the Painters' Union and the Carpenters' Union with the information necessary to administer their contracts with Michigan Drywall Corp. and (2) by their refusal to bargain collectively in unilaterally modifying the terms of the contracts between the unions and Michigan Drywall Corp.

In 1969 the Painters' Union and the Carpenters' Union entered into collective bargaining agreements with Michigan Drywall. Both agreements provided that Michigan Drywall pay money into various fringe benefit funds established for the benefit of the employees of Michigan Drywall. The agreements also provided that the trustees of such funds would, upon demand, be provided with the necessary information (ledgers, books, records, etc.) as needed to audit the administration of such funds. In 1973 M & D Drywall, Inc. was organized in Alabama by James Mullins and two other individuals. Money was funneled into M & D Drywall from Michigan Drywall for the purpose of paying Michigan Drywall employees for working over forty hours per week but no contributions were made to the fringe benefit funds.

Respondent Mullins is and has been at all times the sole stockholder of Michigan Drywall and was the controlling director and officer. He was the president and the majority stockholder of M & D Drywall (holding 980 out of 1000 shares).

In 1976, the administrators of both fringe benefit funds for the Painters' Union and the Carpenters' Union, requested the payroll books, records, etc., of Michigan Drywall, Inc., M & D Drywall, Inc., and James Mullins from October, 1973 through June, 1976 so that an audit could be conducted. Respondents refused to comply except for the records of Michigan Drywall from January, 1975 through June, 1976.

The Board found correctly that M & D Drywall, Inc. was the agent of James Mullins and Michigan Drywall and that Mullins was the real employer and alter ego of Michigan Drywall and M & D Drywall. The Board also found correctly that the fringe benefits were not paid on Michigan Drywall employees in conformity with the collective bargaining agreements and the refusal to pay fringe benefits modified the agreement in violation of 29 U.S.C. § 151, *et seq.* Respondents were ordered to furnish all records, ledgers and cancelled checks to both unions, irrespective of whether under the control of James Mullins, Michigan Drywall or M & D Drywall, and to pay all contributions to fringe benefit funds in conformity with the contracts and to post appropriate notices. Respondents were also properly ordered to cease and desist from all unfair labor practices.

Accordingly, the order of the National Labor Relations Board is enforced.